(64 Misc. Rep. 185.)

MORRELL v. SKENE.

(Supreme Court, Special Term, New York County. July, 1909.)

HIGHWAYS (§ 165*)—CONTROL—STATE ENGINEER.

    Motor Vehicle Law (Laws 1904, p. 1314, c. 538) § 3, subd. 1, limits the speed, as therein prescribed, of motor vehicles; subdivision 2 provides that upon approaching a bridge, etc., a person operating a motor vehicle shall have it under control and shall not operate it at a greater speed than that fixed; and subdivision 6 authorizes the local authorities, notwithstanding the other provisions of the section, to set aside for a given time a public highway for speed tests to be conducted under proper restrictions for the safety of the public. Laws 1898, p. 221, c. 115, § 12, as amended by Laws 1907, p. 1666, c. 717, § 11, empowers the state engineer to make necessary rules for the protection of any highway, and punishes disobedience thereto by a fine to be recovered by the engineer. The state engineer promulgated rules, one of which was taken substantially from section 3, subd. 1, another from section 3, subd. 2, and a third, which required that, where the local authorities' consent had been obtained and the speed law suspended, there should be deposited with the state engineer $200 a mile for each mile of the highway to be raced over, to be used in repairing damage done, and which forbade any race until such deposit had been made. *Held*, that the power to grant or withhold the necessary consent to the use of a highway for a speed test or race is given to the local authorities alone, and there is no authority for the promulgation of such rules by the state engineer, and that, permission from the local authorities having been obtained, the state engineer could not forbid a race unless such deposit was made.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. § 457; Dec. Dig. § 165.*]

Action by Robert L. Morrell against Frederick Skene. Demurrer to complaint sustained, with leave to amend.

Job E. Hedges, for plaintiff.
Edward R. O'Malley, Atty. Gen., for defendant.

TRUAX, J. The complainant sets forth a cause of action for money had and received. The defendant, in his first answer, admits all

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the material facts of the complaint, including the receipt by him of the money as alleged, and that the same has not been returned to the plaintiff, although duly demanded. But in his "second answer" and "third answer" the defendant sets up new matter by way of defense to the action. Plaintiff has demurred to these alleged answers on the ground that the same are insufficient in law upon the face thereof. The motor vehicle law (Laws 1904, p. 1314, c. 538) provides as follows:

Section 3, subd. 1: "No person shall operate a motor vehicle on a public highway at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb of any person or the safety of any property, or in any event on any public highway where the territory contiguous thereto is closely built up at a greater rate than one mile in six minutes, or elsewhere in a city or village at a greater rate than one mile in four minutes, or elsewhere outside of a city or village at a greater rate than one mile in three minutes, subject, however, to the other provisions of this act."

Subdivision 2: "Upon approaching a bridge, dam, sharp curve or descent, and also in traversing such bridge, dam, curve or descent, a person operating a motor vehicle shall have it under control and operate it at a rate of speed not exceeding one mile in fifteen minutes, and upon approaching a crossing of intersecting highways at a speed not greater than is reasonable and proper, having regard to the traffic then on such highway and the safety of the public."

Subdivision 6: "Local authorities may, notwithstanding the other provisions of this section, set aside for a given time a specified public highway for speed tests or races, to be conducted under proper restrictions for the safety of the public."

Section 4, subd. 3, declares that no local authority shall make any rules with regard to the use of the public highways which shall impose a greater burden upon the owners or operators of motor vehicles than prescribed by the above sections, except in certain specific instances.

In his "second answer" the defendant alleges that by the provisions of section 12, c. 115, p. 221, of the Laws of 1898, as amended by chapter 717, p. 1666, of the Laws of 1907, the duty was placed upon this defendant as state engineer to maintain and keep in repair and have charge of the said public highways in the county of Westchester, over which the plaintiff and his associates proposed its automobile race, and said section further authorized and empowered this defendant as such state engineer and surveyor "to make such rules as may from time to time be necessary for the protection of such highways." The defendant then alleges that, pursuant to the power vested in him "by such statute," he "duly made, adopted, issued, published, and promulgated" certain rules for the protection of the highways, which rules are there set out in full. The material part of the statute upon which the defendant relies is taken from section 12, and is as follows:

"The state engineer is hereby further empowered to make such rules as may from time to time be necessary for the protection of any such highway or section thereof, and any disobedience of such rules shall be punishable by a fine of not less than ten dollars and not exceeding one hundred dollars, to be recovered by the state engineer for the benefit of such road maintenance fund." Laws 1907, c. 717, § 12.

It may be added that, while the state engineer is charged with the maintenance and repair of the "improved" highways, the cost of such repairs is defrayed by the local authorities and is a charge upon the

towns adjacent to the highways repaired. Id. In reliance upon the authority above cited, the defendant, in his capacity as state engineer and surveyor, for the specific purpose, as he himself alleges, of protecting the state highways, "and particularly for the protection of the said public highways in the county of Westchester, over which this plaintiff and the said association proposed to hold said race," promulgated the rules set out in paragraph 5 of his "second answer." Rule 1 is taken substantially from section 3, subd. 1, of the motor vehicle law above cited. It is a statutory provision, and its promulgation by the defendant as a "rule" added nothing to its validity or adequacy. Rule 2 is taken substantially from section 3, subd. 2, of the same law, and the same statement is applicable to it as to rule 1. Rule 3 requires that in every case where the consent of the local authorities has been obtained, and they have suspended the speed laws referred to in rules 1 and 2 for the purpose of speed tests, "there shall be deposited with the state engineer and surveyor $200 per mile for each mile of said road to be raced over for each day of said race," the money so deposited to be used in repairing the damage done by said race, and that "until and unless such deposit is so made no speed test or race shall take place over any such improved highway."

It is easily seen that the Legislature, in fixing the limitation of the speed of motor vehicles, contemplated the probability of speed tests, and for that purpose permitted (subdivision 6, supra) the suspension of those rules by the proper authorities; that is, the power to grant or to withhold the necessary consents was given to the local authorities, alone, whose districts would be injured by the wear and tear of the machines and perhaps benefited by the commercial advantages accruing from the race. Having obtained this permission from the local authorities, the plaintiff and his associates were served, just two days before the race, with notice to comply with an additional rule on pain of having the race prohibited. The defendant, by the promulgation of rules 1 and 2, attempted to revive, for the purpose of the race, the very laws which the Legislature had given the local authorities power to suspend and which they had suspended. He took upon himself the right of abrogating the action of the local authorities which had been taken pursuant to specific legislative enactment. There is no authority in the laws of this state for the promulgation of such rules. The Legislature, in the motor vehicle law, supra, had clearly indicated what and whose consent should be obtained before any speed test could be legally held over a public highway. The right to grant or withhold such consent carried with it the right to impose conditions. But the local authorities gave their consent and imposed no conditions whatever. There is nothing in the statute to show that the consent of the state engineer and surveyor had to be obtained before the race could be run. And yet, as a condition precedent to granting his consent, he imposed a condition. If the consent was not made necessary by the statute, the condition upon which it was granted was clearly illegal. Otherwise we would have the anomalous condition of a right, once fully fixed and vested by the laws of the state, divested by virtue of an arbitrary rule of a public officer. The right "to make such rules as may from time to time be necessary for the protection of the roads" is given to the defendant,

but the nature and extent of this right is clearly limited by the language and provisions of the statute.

Chapter 717 of the Laws of 1907 was an act to amend chapter 115 of the Laws of 1898, which is entitled "An act to provide for the improvement of public highways." Its purpose was to provide for the improvement of the highways in the state. It is noticeable, however, that the very section which gives the state engineer and surveyor the power to make rules for the "protection" of these improved highways declares in the same sentence that "any disobedience of such rules shall be punishable by a fine of not less than ten dollars and not exceeding one hundred dollars." In other words, the right to make certain rules for the "protection" of the roads is given to him, but he has no authority to prohibit the use of the roads. He can only make such rules as he deems proper and necessary; and, should these rules be disobeyed, the statute distinctly says that he shall sue for a stated fine. There is nothing in the statute giving the state engineer a right to sue and recover damages for any cause. It is plain that his authority is only to recover a penalty and not damages, and that the penalty is not intended to be commensurate with the damage done by the person guilty of the disobedience. Inasmuch as he had no authority to recover the amount of the damages done, he had no implied power to exact a deposit from those whom he believes contemplated doing something which would result in damage.

The demurrer is sustained, with costs, with leave to the defendant to amend.

Demurrer sustained, with costs, with leave to defendant to amend.